Craig Sanders, Esq., WSBA 46986
SANDERS LAW GROUP
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129688

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Sumfinidade Unipessoal LDA,<br><br>Plaintiff,<br><br>v.<br><br>Seagull Software, LLC,<br><br>Defendant. | **Case No.** |

## COMPLAINT

Plaintiff Sumfinidade Unipessoal LDA ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Seagull Software, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Nico Trinkhaus ("*Trinkhaus*") created a photograph of a Madrid sunset panorama (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

3. Defendant owns and operates, and at all relevant times owned and operated, a website at www.seagullscientific.com (the "*Website*"), which it uses to market and sell its BarTender label and barcode software.

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff is a single-member private limited company (sociedade unipessoal por quotas) organized under the laws of Portugal, with a principal place of business in Funchal, Madeira, Portugal.

6. Defendant is a Delaware limited liability company with a principal place of business at 8461 154th Avenue NE, Suite G-200, Redmond, in King County, Washington. Defendant has been registered to do business in Washington since 1988 and does business under the names Seagull Scientific and BarTender.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Washington and has been registered to do business in Washington since 1988.

9. Venue is proper under 28 U.S.C. §§1391(b) and 1400(a) because Defendant resides and may be found in this Judicial District, does business in this Judicial District, and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

10. Nico Trinkhaus ("*Trinkhaus*") is a professional photographer by trade and the


SANDERS LAW GROUP
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

principal of Plaintiff, through which his photographs are commercially licensed.

11. Trinkhaus has worked as a photographer for more than fifteen years. He began photographing while a student in Prague and has since built an international following as a travel and cityscape photographer, known for early-morning, blue-hour, and sunset views of European cities and landscapes.

12. Trinkhaus's work first drew wide public attention in 2013, when his photograph of a lightning strike over Berlin's Alexanderplatz was widely circulated and republished online.

13. Trinkhaus publishes and licenses his work under the Sumfinity brand, which he operates with his wife through Plaintiff and which offers photographic licensing, fine-art prints, and travel guides. He also leads photography expeditions in partnership with PhotoPills, a widely used photography-planning application.

14. Trinkhaus's photographs have been exhibited publicly, including in "CORação – Colours of the Heart," a solo exhibition of his photographs of Portugal presented at Lisbon Airport in 2025.

15. Plaintiff is a professional photographer whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

16. Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

17. Plaintiff's works are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

18. Plaintiff is the author and copyright owner of numerous original works protected under the Copyright Act, including the photographs that are the subject of this action.

19. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

20. Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

21. Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

22. On February 26, 2017, Trinkhaus first published the Photograph on his Instagram account. A copy of the Photograph is attached hereto as Exhibit 1.

23. In creating the Photograph, Trinkhaus personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24. On March 20, 2018, the Photograph was registered by the USCO under Registration No. VA 2-104-443.

25. The effective date of registration for the Photograph precedes the date on which the Infringement commenced and Plaintiff is therefore entitled to elect an award of statutory damages and to seek an award of attorney's fees pursuant to 17 U.S.C. §§ 412, 504(c), and 505.

26. Trinkhaus created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

27. Plaintiff acquired the rights in and to the Photograph by way of written assignment.

**B. Defendant's Infringing Activity**

28. Defendant is the registered owner of the Website and is responsible for its content.

29. Defendant is the operator of the Website and is responsible for its content.

30. The Website is a key component of Defendant's popular and lucrative commercial enterprise.


SANDERS LAW GROUP
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

31. Defendant, whose business was founded in 1985 and which was long known as Seagull Scientific, develops and sells BarTender, a commercial software platform that businesses use to design, manage, and print labels, barcodes, and RFID tags.

32. According to public announcements, BarTender is used by more than 100,000 businesses worldwide in industries including aerospace, food and beverage, logistics, manufacturing, medical, pharmaceutical, and retail.

33. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

34. Defendant earns its revenue by selling licenses and subscriptions to its BarTender software. Defendant uses the Website to market BarTender, publish product and sales materials, and steer prospective customers, resellers, and sales partners toward purchasing its software.

35. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

36. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

37. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

38. On a date presently unknown to Plaintiff, but upon information and belief in or about late 2020 or 2021 and in all events after the Photograph was registered by the USCO, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of a 53-page sales presentation promoting the release of


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

Defendant's BarTender 2021 software, hosted at URL: https://www.seagullscientific.com/media/2286/introducing-bartender-2021.pdf ("*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

39. Within that presentation, Defendant displayed the Photograph on a slide titled "About Seagull Scientific," which promoted Defendant's history, its BarTender software, and its global support centers in Bellevue, Washington; Madrid, Spain; and Taipei, Taiwan. Defendant used the Photograph to depict its Madrid operations.

40. Defendant's use of the Photograph was purely commercial. Defendant used the Photograph to promote its corporate presence and to market its software to customers, resellers, and its sales channel.

41. Defendant's use of the Photograph was not transformative. Defendant used the Photograph for the very purpose for which it was created and for which Plaintiff licenses it: as a visually striking depiction of the Madrid skyline.

42. Upon information and belief, Defendant selected the Photographs, rather than an authorized or licensed alternative, because the Photographs were of professional quality likely to attract and hold audience attention and Defendant thereby obtained the benefit of Plaintiff's creative labor without paying the customary license fee.

43. The Infringement is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

44. Plaintiff first observed the Infringement on January 29, 2024.

45. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

46. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

47. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

48. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

49. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

50. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

51. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

52. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

53. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

54. Upon information and belief, Defendant monitors the content on its Website.

55. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

56. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

57. Upon information and belief, Defendant at all times had the ability to stop the


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

reproduction and display of Plaintiff's copyrighted material.

58. Defendant's use of the Photograph harmed the actual market for the Photograph.

59. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

60. Defendant’s unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff’s ability to license his work to other commercial entities.

61. On March 15, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

62. Thereafter, on April 16, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

63. On January 6, 2026, Plaintiff, via counsel, served a further letter on Defendant by electronic mail seeking to address said complaints.

64. Thereafter, on February 5, 2026, Plaintiff, via counsel, served a second follow up letter seeking to address said complaints directly with Defendant in an attempt to avoid litigation.

65. Despite receiving notice of Plaintiff’s claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff’s claims, thereby necessitating the commencement of this action.

66. Upon information and belief, Defendant continued to reproduce, display, distribute, and/or otherwise exploit one or more of Plaintiff’s copyrighted works after receiving notice of Plaintiff’s claims. Such post-notice conduct evidences Defendant’s knowledge of Plaintiff’s rights and supports a finding that Defendant’s infringement was knowing, intentional, and willful.

67. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

68. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

**FIRST COUNT**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

69. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

70. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

71. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

72. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

73. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

74. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

75. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

76. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).


**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

77. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

79. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.



SANDERS LAW GROUP
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

SLG SANDERS · LAW GROUP ·

DATED: October 22, 2026

**SANDERS LAW GROUP**

By: *___/s/ Craig Sanders___________*
Craig Sanders, Esq., WSBA 46986
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129688

*Attorneys for Plaintiff*